IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY REGINA PRYOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:13-CV-2963-D |
| VS. | § | |
| | § | |
| EVERHOME MORTGAGE | § | |
| COMPANY, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the attempted foreclosure of plaintiff's property,

defendants move for summary judgment.  For the reasons that follow, the court grants the

motion and dismisses this action with prejudice by judgment filed today.

I

This is a lawsuit brought *pro se* by plaintiff Mary Regina Pryor ("Pryor") against

defendants Everhome Mortgage Company ("Everhome") and Federal National Mortgage

Association ("FNMA").  In 2009 Pryor refinanced a piece of real property located in Dallas,

Texas (the "Property").[1]  In doing so, she executed a promissory note that named EverBank

("EverBank") as the lender, and a deed of trust that named EverBank as the lender and

---

[1]In recounting the factual background, the court summarizes the evidence in the light
most favorable to Pryor as the summary judgment nonmovant and draws all reasonable
inferences in her favor.  *See, e.g., Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869,
870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins.
Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and nominee for EverBank.  Defendant Everhome[2] acted as the loan servicer.

According to Pryor's state-court petition, when Pryor began experiencing financial difficulties, Everhome offered her a loan modification.  Pryor alleges that she obtained and submitted the requested documents, and, over the next several months, she continued to submit financial documents in response to Everhome's requests for additional financial information; that, during this process, Everhome's representatives informed her that she was not allowed to make any mortgage payments while in loan modification status and that she was to ignore any foreclosure notices that she received; and that Everhome's representatives also informed her that they would not take any action to foreclose on the Property while it was in loan modification status.

Pryor alleges that she continued to await confirmation of the loan modification until she was served with an eviction suit that had been filed by defendant FNMA.  In June 2013 EverBank conducted a foreclosure sale, selling Pryor's property to FNMA.  Pryor then filed this *pro se* lawsuit in state court, alleging claims for trespass to try title, breach of contract, and common law fraud, and seeking injunctive relief.  Defendants removed the case to this court, and they now move for judgment on the pleadings, or, alternatively, for summary judgment.  The court will address defendants' motion for summary judgment and will not

---

[2]Defendants contend that EverBank is the successor by merger of Everhome.

decide defendants' motion for judgment on the pleadings.[3]

## II

Because Pryor will bear the burden of proof on her claims at trial, defendants can meet their summary judgment obligations by pointing to the absence of admissible evidence to support the claim in question. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once defendants do so, Pryor must go beyond her pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Pryor's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Pryor's failure to produce proof as to any essential element of a

---

[3]In a September 17, 2014 order granting Pryor's motion to continue the trial of this case, the court advised the parties that, in light of the trial continuance, it would consider defendants' alternative motion for summary judgment, which it had originally denied as untimely. The court explained that "the summary judgment motion may be meritorious, and the court's consideration of the motion could eliminate the need for a trial or narrow what is tried." Sept. 17, 2014 Order at 2. The court also explained why it would not consider defendants' motion for judgment on the pleadings.

> This is because, even if the court grants the motion, it almost invariably permits the plaintiff in a removed case to replead under the federal pleading standards when such a motion is granted. And it also permits a *pro se* litigant to replead when her complaint is insufficient. Therefore, granting the motion for judgment on the pleadings would probably result in additional motion practice. But if defendants demonstrate that they are entitled to summary judgment, the court's ruling could result in a final judgment dismissing the case, without additional motion practice.

Id. at 2 n.2.

- 3 -

claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.) (citations omitted). Summary judgment is mandatory if Pryor fails to meet this burden. *See Little*, 37 F.3d at 1076.

III

Defendants move for summary judgment dismissing Pryor's trespass to try title claim.

A

Trespass to try title is a statutory claim brought under Tex. Prop. Code Ann. § 22.001 (West 2014). *See id.* ("A trespass to try title action is the method of determining title to lands, tenements, or other real property."). A trespass to try title action is "an action to recover the possession of land unlawfully withheld from an owner who has a right of immediate possession." *Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. Civ. App. 1977, writ ref'd n.r.e.). It is "the exclusive remedy for resolving competing claims to property." *Parker v. Hunegnaw*, 364 S.W.3d 398, 401 (Tex. App. 2012, no pet.) (citing Tex. Prop. Code Ann. § 22.001 (West 2000)).

To maintain an action for trespass to try title, the person bringing the suit must have title to the land sought to be recovered. *Ramsey v. Grizzle*, 313 S.W.3d 498, 505 (Tex. App. 2010, no pet.). A plaintiff's right to recover depends on the strength of her own title, not the weaknesses of the title of her adversary. *Id.* In a trespass-to-try-title action, the plaintiff is required to prove her title by establishing (1) a regular chain of title of conveyances from the sovereign to the plaintiff; (2) a superior title to that of the defendant out of a common source; (3) title by limitations; or (4) prior possession that has not been abandoned. *Teon Mgmt.,*

*LLC v. Turquoise Bay Corp.*, 357 S.W.3d 719, 728 (Tex. App. Oct. 27, 2011, pet. denied) (citing *Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994)).

B

Defendants move for summary judgment dismissing Pryor's trespass to try title claim on the ground that she was divested of her ownership of the Property by a properly conducted foreclosure sale, and that FNMA now holds superior title to the Property. Although Pryor does not directly respond to defendants' argument, she does challenge, under various theories, EverBank's authority to foreclose on the Property. The court will address each of her arguments separately.

1

Pryor maintains that, on June 19, 2012, the deed of trust was assigned from MERS to EverBank by Michael Wood ("Wood"), as MERS's Assistant Secretary, even though Wood was employed by Everhome, the loan servicer. Pryor contends this "self-assignment" by the loan servicer was an attempt to put EverBank into the chain of title without having both the promissory note and deed of trust, and that a mortgage servicer has no standing to assign to EverBank. The court concludes that this argument lacks force because, in *Reinagel v. Deutsche Bank National Trust Co.*, 735 F.3d 220 (5th Cir. 2013), the Fifth Circuit rejected a similar argument.

In *Reinagel* the plaintiffs sued to enjoin the foreclosure of their residence, contending that the second assignment of the deed of trust was void because Brian Bly ("Bly"), the person who executed the assignment, lacked the authority to do so. The Fifth Circuit held

that Bly's alleged lack of authority to execute the assignment did not provide a basis to challenge the assignment.  *Id.* at 226.  The court explained:

> in *Nobles v. Marcus*, the Texas Supreme Court clarified that a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal. . . .  As "[Texas] law is settled that the obligors of a claim . . . may not defend [against an assignee's effort to enforce the obligation] on any ground which renders the assignment voidable only," Bly's alleged lack of authority, even accepted as true, does not furnish the Reinagels with a basis to challenge the second assignment.

*Id.* (alterations and second ellipses in original, footnotes omitted).  Accordingly, to the extent Pryor contends the assignment is void or invalid on the basis that Wood lacked the authority to execute the assignment of the deed of trust on behalf of MERS, this argument is insufficient to create a genuine issue of material fact precluding summary judgment on Pryor's trespass to try title claim.

Moreover, even if the court assumes that Wood's lack of authority *could* provide Pryor a basis to challenge the assignment, she has not presented sufficient evidence to raise a genuine issue of material fact regarding his authority.  Pryor relies on an unauthenticated copy of Wood's LinkedIn profile, which states that Wood worked for Everhome from August 2010 through April 2014.  Assuming that this evidence is admissible for summary judgment purposes, evidence that Wood was employed by Everhome at the time of the assignment is alone insufficient to permit a reasonable jury to find that Wood was not an authorized signatory of MERS at the time he executed the assignment.  *See Lowery v. Bank of Am., N.A.*,

2013 WL 5762227, at *3 (Tex. App. Oct. 23, 2013, no pet.) (affirming summary judgment on wrongful foreclosure claim where plaintiff failed to adduce sufficient evidence that MERS signatory was not authorized to sign documents on behalf of MERS).

2

Pryor next contends that a letter dated August 19, 2012 states that FNMA, not EverBank, was the owner of her note. She contends that this evidence establishes that EverBank was not at all times the holder and owner of the note and deed of trust, but that the note and deed of trust were split, making the debt unsecured and precluding EverBank from having standing to seek foreclosure.

Under Texas law, a mortgagee[4] can obtain the right to initiate foreclosure through the terms of a deed of trust, even if the mortgagee is not the holder of a corresponding promissory note. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013); *see also Rust v. Bank of Am., N.A.*, 573 Fed. Appx. 343, 346 (5th Cir. 2014) (per curiam). When a mortgagee like MERS acts as beneficiary and nominee of the lender, it can assign its rights under the deed of trust to another party. *See, e.g., Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (citing *Martins*, 722 F.3d at 255); *Wiley v. Deutsche Bank Nat'l Trust Co.*, 539 Fed. Appx. 533, 536 (5th Cir. 2013) (per curiam)

---

[4]Under Texas law, a "Mortgagee" is "the grantee, beneficiary, owner, or holder of a security instrument," as well as "a book entry system." Tex. Prop. Code Ann. § 51.0001(4)(A)-(B) (West 2014). A "Book entry system" is "a national book entry system for registering a beneficial interest in a security instrument that acts as a nominee for the grantee, beneficiary, owner, or holder of the security instrument and its successors and assigns." *Id.* § 51.0001(1).

(holding that, when MERS acts in this capacity, it is "unquestionably" a mortgagee and has the right to transfer the deed of trust); *Green v. JPMorgan Chase Bank, N.A.*, 937 F.Supp.2d 849, 862 (N.D. Tex. 2013) (Godbey, J.) (explaining that "scores of courts have upheld the validity of deeds in which MERS is named nominee and beneficiary"). If a mortgagee like MERS assigns its right to foreclose on certain property to another party, "that assignee possesses the same right to foreclose on the Subject Property that MERS had." *Svoboda v. Bank of Am., N.A.*, 964 F.Supp.2d 659, 667 (W.D. Tex. 2013).

The deed of trust gave MERS the right to foreclose and sell the Property, and, pursuant to the Assignment, MERS assigned that right to EverBank. EverBank thus had the authority to foreclose on the Property, without holding or owning the original note.

3

Pryor challenges the selling price for the Property, contending that the FNMA purchase price of $245,514.81 was grossly inadequate because the residence had previously been appraised at $347,000, "to [the] best of [her] knowledge." P. Br. 5. But Pryor's unsupported and conclusory contention that the selling price of the Property was "grossly inadequate" is insufficient to withstand summary judgment. *See Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) ("'[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy' the nonmovant's burden in a motion for summary judgment." (quoting *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996))). Accordingly, Pryor has failed to create a genuine fact issue based on the allegedly "grossly inadequate" selling price of the Property.

4

In support of Pryor's fraud claim, which she appears to incorporate into her response to defendants' motion for summary judgment on her trespass to try title claim, Pryor advances what is commonly known as a "show me the note" theory. She contends that she never signed loan documents for loan 1861,[5] and that the mortgage documents produced by defendants are forgeries.[6]

To the extent Pryor argues that, in order to foreclose on the property, EverBank is obligated to produce "the original wet ink signature Promissory Note," P. Br. 5, this argument fails for a fundamental reason: EverBank need not be the holder of the promissory note to foreclose on Pryor's property. *See, e.g., Cypert v. USBC Bank USA Nat'l Ass'n*, 2013 WL 5822339, at *2 (N.D. Tex. Oct. 30, 2013) (Fitzwater, C.J.), *aff'd*, 574 Fed. Appx. 417 (5th Cir. 2014). The Fifth Circuit addressed this question in *Estate of Falk v. Wells Fargo*

---

[5]Consistent with Fed. R. Civ. P. 5.2(a)(4), and to protect Pryor's privacy, the court uses in this memorandum opinion and order the last four digits of the loan account number. For the other loan number in question, *see infra* note 5, the court uses "140******1861" to protect her privacy while indicating that the number is different from the loan number.

[6]In support of her fraud claim, Pryor contends: when she refinanced her loan in August 2009, she executed a mortgage with EverBank, not an equity loan or FNMA loan, and there was no escrow account established with the mortgage; Texas state law prohibits two equity loans back-to-back, and since her previous mortgage was an equity loan, the August 2009 refinance would have had to have been refinanced without her signature or knowledge; there was a discrepancy between the loan number on her closing documents (1861) and the loan number reported to three separate credit reporting agencies (140******1861), and the only promissory note with her original wet ink signature was loan number 140******1861 (there is no wet ink signature promissory note for loan number 1861), but Everhome failed to produce the original wet ink signature promissory note when she requested it; and the certified copies of loan number 1861 that have been produced in this litigation are forgeries, have been altered, and are not the originals with wet ink signatures.

*Bank, N.A.*, 541 Fed. Appx. 481 (5th Cir. 2013) (per curiam).  In *Falk* the plaintiff contended

that Wells Fargo, who foreclosed on the property in question, was not the holder of the

mortgage note, and it lacked the authority to foreclose because it was not a person entitled

to enforce the note.  *Id.* at 483.  The panel rejected this contention, explaining that "Texas

courts have routinely concluded that a party does not have to be a holder of the mortgage

note prior to conducting a non-judicial foreclosure."  *Id*. Citing *Martins*, 722 F.3d 249, the

panel noted that it had addressed a similar argument and had "concluded that an assignee of

a mortgage does not have to be a holder of the note to foreclose."  *Falk*, 541 Fed. Appx. at

483.  In support of this conclusion, the *Falk* panel quoted the following passage from

*Martins*:

> This claim—colloquially called the "show-me-the-note"
> theory—began circulating in courts across the country in 2009.
> Advocates of this theory believe that only the holder of the
> original wet-ink signature note has the lawful power to initiate
> a non-judicial foreclosure.  The courts, however, have roundly
> rejected this theory and dismissed the claims, because
> foreclosure statutes simply do not require possession or
> production of the original note. The "show-me-the-note" theory
> fares no better under Texas law.

*Id.* (quoting *Martins*, 722 F.3d at 253).

Accordingly, to the extent Pryor challenges the foreclosure of the Property based on

Everhome's failure to produce "the original wet ink signature Promissory Note," P. Br. 5,

Pryor has failed to create a genuine issue of material fact.

C

None of Pryor's other contentions or evidence establishes that Pryor has a superior claim to title in the Property.  Pryor does not dispute that she defaulted on her loan, and she provides no other basis or evidence that would enable a reasonable jury to find that the June 2013 foreclosure sale was invalid or that FNMA does not hold superior title to the Property. Defendants are therefore entitled to summary judgment dismissing Pryor's trespass to try title claim.

IV

Defendants move for summary judgment dismissing Pryor's breach of contract claim.

A

Defendants point to the absence of evidence that Pryor performed or tendered performance of her obligations under the note and security instrument, that defendants breached any contract with her, or that she suffered any damages as a result of the breach. They also contend that, to the extent Pryor bases her breach of contract claim on alleged statements made by EverBank, the statute of frauds bars this claim.  Pryor does not specifically respond to defendants' contentions.

B

"In Texas, performance or tendered performance by the plaintiff is an essential element of a breach of contract claim." *Golden v. Wells Fargo Bank, N.A.*, 557 Fed. Appx. 323, 327 (5th Cir. 2014) (per curiam) (citing *Mullins v. TestAmerica, Inc*., 564 F.3d 386, 418 (5th Cir. 2009)).  Moreover, "'a party to a contract who is himself in default cannot maintain

a suit for its breach.'" *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (citation omitted).  Pryor has failed to produce any evidence that would enable a reasonable jury to find that she performed her loan obligations, and she does not dispute that she is in default. Accordingly, the court grants defendants' motion for summary judgment dismissing Pryor's breach of contract claim based on the note.

To the extent Pryor bases her breach of contract claim on oral representations made during the loan modification process, her claim is barred by the statue of frauds.  A loan agreement involving more than $50,000 is unenforceable unless the agreement is in writing and signed by the party to be bound, or that party's authorized representative.  Tex. Bus. & Com. Code Ann. § 26.02(b) (West 2009).  The note and deed of trust are subject to the statute of frauds.  "Generally, if a contract falls within the statute of frauds, then a party cannot enforce any subsequent oral material modification to the contract." *SP Terrace, L.P. v. Meritage Homes of Tex.*, 334 S.W.3d 275, 282 (Tex. App. 2010, no pet.) (citing *Dracopoulas v. Rachal*, 411 S.W.2d 719, 721 (Tex. 1967)).  Accordingly, any oral statements made by defendants or their representatives during the loan modification process are unenforceable under the statute of frauds and cannot serve as the basis for Pryor's breach of contract claim.

Defendants are therefore entitled to summary judgment dismissing Pryor's breach of contract claim.

V

Defendants move for summary judgment dismissing Pryor's fraud claim.

A

In Texas, the elements of common law fraud are:

> (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result.

*Fluorine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 858 (5th Cir. 2004) (citations omitted) (Texas law). Defendants point to the absence of evidence that they made a false representation of past or existing fact, that any such statement was made knowingly or recklessly, that Pryor relied on any such statement, or that she suffered damages.

In her state-court petition, Pryor bases her fraud claim on the following alleged misrepresentations: that she was not allowed to make any mortgage payments during the loan modification process; that she should ignore any foreclosure notices that she received while in loan modification status; and that Everhome would not take any action to foreclose on the Property while Pryor was in the loan modification process. In responding to defendants' summary judgment motion, Pryor has not presented any evidence that would enable a reasonable jury to find that any of these alleged misrepresentations was made. Instead, she contends that her August 2009 refinance was not an equity loan, and that to defraud her and take equity from her residence, the refinance would have to have occurred without her real signature or knowledge; that there was a discrepancy between the loan number on the loan

- 13 -

documents she signed and what defendants later claimed was her loan number; and that defendants violated Tex. Penal Code Ann. § 32.47 (West 2011) by altering the certified copy of the loan documents they produced during this litigation.

B

To the extent that Pryor contends that defendants have altered documents produced in this litigation, in violation of Tex. Penal Code Ann. § 32.47, she has not pleaded such a claim. Accordingly, she cannot rely on this new claim as a basis to avoid summary judgment. *See, e.g., Orthoflex, Inc. v. ThermoTek, Inc*., 983 F.Supp.2d 866, 873 (N.D. Tex. Oct. 31, 2013) (Fitzwater, C.J.) ("[A] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." (quoting *Bennett v. Dall. Indep. Sch. Dist.*, 936 F.Supp.2d 767, 781 (N.D. Tex. 2013) (Fitzwater, C.J.)) (internal quotation marks omitted)). And even assuming that the other arguments on which Pryor relies to support her fraud claim are properly pleaded, she has failed to allege or produce any evidence that she acted in reliance on any of the alleged misrepresentations. Accordingly, the court grants defendants' motion for summary judgment dismissing Pryor's fraud claim.

VI

In her response brief, Pryor asserts claims for intentional infliction of emotional distress and negligent infliction of emotional distress based on Everhome's denial of her loan modification request; Everhome's failure to grant her a one year forbearance of mortgage payments, including not reporting negative reports to any credit bureau during the

- 14 -

forbearance period; FNMA's refusal to allow her to participate in its "Mortgage to Lease" program, and, evicting her instead; Everhome's "double-billing" her for homeowner's insurance; Everhome's discriminating against her due to the fact that her source of income is social security disability; and REO Agent Jodi Kerby's ("Kerby's") actively marketing her home and putting a for sale sign in Pryor's front yard, even though Kerby knew the case was still pending.

"As a general rule, new claims cannot be raised in motions for summary judgment." *Buchanan v. McCool*, 2006 WL 3044446, at *12 (E.D. Tex. Oct. 25, 2006) (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004)); *see also Orthoflex*, 983 F.Supp.2d at 873. Because Pryor failed to plead any of these claims in her petition, they are not properly before the court and do not provide any basis on which Pryor can avoid summary judgment.

\*   \*   \*

For the reasons explained, the court grants defendants' motion for summary judgment and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

November 7, 2014.

SIDNEY A. FITZWATER
CHIEF JUDGE